**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF INDIANA**

CASE NO.\_\_1:24-cv-1365-JRS-TAB\_\_

PLAINTIFF'S REBUTTAL AND
MOTION TO COMPEL

William C. Maxwell

       Plaintiff,

   v.

Dakota Michael,

Chelsey Smith

      Defendants

_____

**FILED**

**12/22/2025**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Kristine L. Seufert, Clerk**

**PLAINTIFFS REBUTTAL TO DEFENDANTS' ANSWER TO SECOND AMENDED**

**COMPLAINT AND MOTION TO COMPEL DEEMED ADMISSIONS**

Plaintiff William C. Maxwell, pursuant to Fed. R. Civ. P. 8(b)(6) and 36(a)(3), respectfully submits

this rebuttal to Defendants' Answer (ECF 131) and moves the Court to deem certain facts

admitted where Defendants' denials are contradicted by undisputed documentary evidence

and their own prior admissions

I.   LEGAL STANDARD

**A.** Rule 8(b)(6): Denials Must Fairly Respond to Allegations

Fed. R. Civ. P. 8(b)(6) requires that denials "fairly respond to the substance of the allegation." A party cannot deny facts established by undisputed documentary evidence or already admitted in prior pleadings. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002): "A defendant may not deny allegations that are supported by the defendant's own prior admissions or undisputed evidence."David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003): "A party cannot claim lack of knowledge about facts within the party's own knowledge or control." Sojka v. Bovis Lend Lease, Inc., 686 F.3d 394, 398-99 (7th Cir. 2012): "A party may not deny on information and belief matters within its personal knowledge or control."

**B.** Rule 36(a)(3): Admissions Are Conclusive and Binding

Fed. R. Civ. P. 36(a)(3): "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Holleman v. Zatecky. 951 F.2d 873, 876 (7th Cir. 1991): "Judicial admissions are formal concessions in the pleadings...that are binding on the party making them." United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987): "Judicial admissions in pleadings are binding and may not be controverted at trial absent leave to amend."

**C.** Sham Denials: Cannot Deny Conclusions Flowing from Admitted Facts

When a party denies an allegation while simultaneously admitting the underlying facts that make the allegation true, courts treat the denial as a nullity. Holleman v. Zatecky, 951 F.2d 873,

876 (7th Cir. 1991): "A party cannot deny a conclusion that flows inexorably from admitted facts." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), rev'd on other grounds: "Where a defendant admits the underlying facts but denies the legal conclusion, the factual admissions control."

**D.** Rule 11(b)(4): Denials Must Have Evidentiary Support

Fed. R. Civ. P. 11(b)(4) requires that denials of factual contentions "have evidentiary support." Kraemer v. Franklin & Marshall Coll., 371 F. Supp. 2d 765, 787 (E.D. Pa. 2005): Denying facts established by documentary evidence violates Rule 11.

**E.** Video Evidence Defeats Contradictory Accounts as Matter of Law

Where objective evidence—particularly video with timestamps—conclusively disproves a party's account, that account fails as a matter of law. Scott v. Harris, 550 U.S. 372, 380-81 (2007): "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." Whitlock v. Brueggemann, 682 F.3d 567, 580 (7th Cir. 2012): "Video evidence that conclusively disproves a party's account defeats that account as a matter of law."

**F.** Impossibility Establishes Knowing Falsehood

Where timestamps prove a statement was physically impossible when made, the falsehood is necessarily knowing—not mistaken or negligent. Anderson v. Branen, 17 F.3d 552, 556 (2d Cir. 1994): "When the documentary evidence makes clear that the allegations in the complaint could not have occurred as alleged, those allegations must be disregarded." United States v.

McMurtrey, 704 F.3d 502, 508 (7th Cir. 2013): Reckless disregard under Franks is established where an officer has "obvious reasons to doubt the truth of what he or she is asserting."

## II.    DEFENDANTS' IMPROPER DENIALS

**A.** Second Amended Complaint ¶15:

> "Plaintiff was not asked to consent to a blood draw until 1:15 AM—after the affidavit had already been authored, signed, and transmitted to the judge stating that he had refused consent."

Defendants' Answer (ECF 131, ¶15):

> "Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny."

Undisputed Documentary Evidence:

1. Exhibit A: Smith's affidavit signed at 1:08 AM stating Maxwell "refused" blood draw

2. Exhibit C: Email from Michael to Judge Petrie at 1:13 AM transmitting affidavit

3. Exhibit N: Video timestamp showing consent request at 1:15 AM (05:14:55 + 04:00:00 offset)

Why Denial Is Improper:

Defendants cannot "lack knowledge" of when they requested consent—they were present and it's on video. This is objective, verifiable evidence.

David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003): "A party cannot claim lack of knowledge about facts within the party's own knowledge or control."

**B.** Second Amended Complaint ¶14:

> "At 1:08 AM, Defendant Chelsey Smith authored and signed an affidavit requesting a search warrant, stating that Mr. Maxwell refused consent to a blood draw—which was factually false at the time of signing."

Defendants' Answer (ECF 131, ¶14):

> "Admit Chelsey Smith authored and signed a search warrant affidavit. Deny the remainder of the paragraph."

Why Denial Is Improper:

- Affidavit signed at 1:08 AM (admitted)

- States Maxwell "refused" consent (Exhibit A, page 3)

- Consent not requested until 1:15 AM (Exhibit N)

- Impossibility: Cannot refuse something not yet offered

Scott v. Harris, 550 U.S. 372, 380-81 (2007): "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."

**C.** Second Amended Complaint ¶23:

> "Once the troopers knew of the exculpatory PBT results, no effort was made to send an updated or corrected warrant request affidavit, or inform the judge of the exculpatory information before the warrant was executed."

Defendants' Answer to First Amended Complaint (ECF 78, ¶23):

> "Admit the warrant request was not updated or corrected."

Defendants' Answer to Second Amended Complaint (ECF 131, ¶23):

> "Deny Defendants withheld any 'exculpatory information.'"

Contradiction:

> Defendants admit they didn't update the affidavit but deny they withheld exculpatory information. If they possessed exculpatory information (0.016% PBT, "Rescind OWI") and didn't update the affidavit, they -by definition- withheld it from the judge.

Undisputed Facts:

> 1. PBT result: 0.016% at 1:28 AM (Answer ¶18—admitted)

> 2. ISP notes: "Rescind OWI" at 1:48 AM (Answer ¶19—admitted)

3. Warrant executed @ 2:00 AM (Answer ¶20—admitted)

4. Affidavit never updated (Answer ECF 78 ¶23—admitted)

Brady v. Maryland, 373 U.S. 83, 87 (1963): Evidence is exculpatory if "material either to guilt or to punishment." A 0.016% BAC (one-fifth the legal limit) is objectively exculpatory in an OWI case.

### III.   DEFENDANTS' AFFIRMATIVE DEFENSES CONTRADICT THEIR DENIALS

**A.** Defense #5: "Good Faith" Contradicts Denial of False Statements

Defendants' Answer (ECF 131, p. 9):

> "The Defendants acted at all times reasonably, without malice, and in good faith."

Contradiction:

Defendants cannot claim "good faith" while simultaneously denying they knew the affidavit contained false statements (¶14, ¶22) or that they withheld exculpatory evidence (¶23).

Good faith requires:

1. Truthfulness in sworn affidavits

2. Disclosure of exculpatory evidence

3. Correction of known falsehoods

Franks v. Delaware, 438 U.S. 154, 171 (1978): Good faith is inconsistent with knowingly or recklessly swearing false statements into warrant affidavits.

**B.** Defense #4: Qualified Immunity Unavailable

Defendants' Answer (ECF 131, p. 9):

> "The Defendants are entitled to qualified immunity."

Why This Defense Fails:

1. Clearly Established Law Violated:

By 2022, it was clearly established that:

- Franks (1978): Cannot lie in warrant affidavits

- Brady (1963): Must disclose exculpatory evidence

- Beauchamp (2003): Probable cause dissipates when officers receive exculpatory evidence

- Malley v. Briggs, 475 U.S. 335, 341 (1986): No qualified immunity for "knowingly violating the law."

- Indiana Code 9-30-6-2 requires officers to request for consent to a chemical blood search before requesting for a search warrant.

2. Defendants Cannot Claim Both:

If they knew the affidavit was false (as timeline proves), qualified immunity, and good faith, fails.

If they "didn't know" they're admitting reckless disregard for truth.

Either way, qualified immunity is unavailable.

**C.** Defense #3: Eleventh Amendment Immunity Does Not Apply

Defendants' Answer (ECF 131, p. 9):

> "The Defendants are immune from suit under the doctrines of Eleventh Amendment and sovereign immunity, to the extent they are sued in their official capacities for damages."

Why This Defense Fails:

Official capacity defendants were dismissed (ECF 127). Only individual capacity remain.

Hafer v. Melo, 502 U.S. 21, 30-31 (1991): "Individual-capacity suits for damages under § 1983 are not barred by the Eleventh Amendment."

D. Defense #11: ITCA Immunity Does Not Apply

Defendants' Answer (ECF 131, p. 9):

> "The Defendants are immune under the Indiana Tort Claims Act."

Why This Defense Fails:

1. Official Capacity Defendants Dismissed:

ITCA immunity applies to official capacity claims. Those claims are dismissed (ECF 127).

2. ITCA Does Not Shield Willful Misconduct:

Ind. Code § 34-13-3-5(c): ITCA does not shield employees from personal liability for acts that are "criminal, malicious, willful and wanton, or calculated for personal benefit."

Wilson v. Isaacs, 929 N.E.2d 200, 203-04 (Ind. 2010): Intentional torts such as false arrest and malicious prosecution fall outside ITCA protection.

Sending a search warrant request affidavit containing demonstrable falsehoods (refusal, before refusal was even requested) qualifies as "willful misconduct", "maliciousness", and is in violation of indiana law 90-30-6. This is not immunized under ITCA, even if the official capacity defendants were still parties.

3. Federal Claims Preempt ITCA Notice Requirement:

Felder v. Casey, 487 U.S. 131, 138-39 (1988): State notice-of-claim statutes are preempted when applied to federal § 1983 actions.

This defense fails as to all claims.

IV.  FACTS TO BE DEEMED ADMITTED

Pursuant to Fed. R. Civ. P. 8(b)(6) and 36(a)(3), Plaintiff moves the Court to strike Defendants' Answer (ECF 131) as to the following paragraphs and deem the following facts admitted:

1. Timing of Consent Request (Second Amended Complaint ¶15)

    Plaintiff's Allegation:

    > "Plaintiff was not asked to consent to a blood draw until 1:15 AM—after the affidavit had already been authored, signed, and transmitted to the judge stating that he had refused consent."

    Defendants' Improper Denial (ECF 131, ¶15):

    > "Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny."

Fact to Be Deemed Admitted:

    > "Plaintiff was not asked to consent to a blood draw until approximately 1:15 AM on August 11, 2022, after Defendant Smith had authored and signed the search warrant affidavit at 1:08 AM stating Plaintiff had refused consent, & after Defendant Michael had transmitted that affidavit to Judge Petrie at 1:13 AM."

Supporting Evidence:
- Exhibit A (affidavit signed 1:08 AM)
- Exhibit C (email sent 1:13 AM)
- Exhibit N (video timestamp 1:15 AM)

2. False Statement in Affidavit (Second Amended Complaint ¶14)

Plaintiff's Allegation:

> "At 1:08 AM 8/11/2022, Defendant Chelsey Smith authored and signed an affidavit requesting a search warrant, stating that Mr. Maxwell refused consent to a blood draw (Exhibit A)—which was factually false at the time of signing, as well as having the incorrect date and time of the pullover. (Exhibit N)"

Defendants' Improper Denial (ECF 131, ¶14):

> "Admit Chelsey Smith authored and signed a search warrant affidavit. Deny the remainder of the paragraph."

Fact to Be Deemed Admitted:

> "At 1:08 AM on August 11, 2022, Defendant Chelsey Smith authored and signed an affidavit requesting a search warrant, stating that Mr. Maxwell refused consent to a blood draw—which was factually false at the time of signing."

Supporting Evidence:

- Impossibility (cannot refuse before being asked)

- Defendants' own timeline admissions (ECF 131, ¶14)

- Exhibits A, C, N

- Scott v. Harris standard - video evidence defeats contradictory account.

3. Knowledge of Exculpatory Evidence Before Warrant Execution (Second Amended Complaint ¶23)

Plaintiff's Allegation:

> "Once the troopers knew of the exculpatory PBT results (Exhibit D), no effort was made to send an updated or corrected warrant request affidavit, or inform the judge at all of the exculpatory information before the warrant was executed (Exhibit L)."

Defendants' Contradictory Denial:

- ECF 78, ¶23: "Admit the warrant request was not updated or corrected."

- ECF 131, ¶23: "Deny Defendants withheld any 'exculpatory information.'"

Fact to Be Deemed Admitted:

> "Once the troopers knew of the exculpatory PBT results showing 0.016% BAC and the ISP incident notation 'Rescind OWI,' no effort was made to send an updated or corrected warrant request affidavit, or inform the judge of this exculpatory information before the warrant was executed."

Supporting Evidence:

- Answer ¶18 (admit - 0.016% PBT)

- Answer ¶19 (admit -  "Rescind OWI" notation)

- Answer ¶20 (admit - warrant executed at 2:00 AM)

- Answer ECF 78 ¶23 (admit - not updated)

- Timeline: PBT at 1:28 AM, "Rescind OWI" notation at 1:48 AM, execution at 2:00 AM

4. Warrant Based on False Affidavit and Executed Despite Exculpatory Evidence (Second Amended Complaint ¶22)

Plaintiff's Allegation (Second Amended Complaint ¶22):

> "The warrant used to seize Plaintiff's blood was approved (Exhibit C, F) based on an affidavit containing materially false statements that Mr. Maxwell had refused consent to a blood draw (Exhibit A). The warrant was executed while the troopers knew of exculpatory PBT results (Exhibit D, L) contradicting the initial warrant request affidavit. (Exhibit A)"

Defendants' Improper Denial (ECF 131, ¶22):

> "Deny."

Why Denial Is Improper:

Defendants cannot deny ¶22 when they've admitted all underlying facts:

- Affidavit stated refusal at 1:08 AM (¶14—admitted Smith signed affidavit)

- Consent not requested until 1:15 AM (¶15—documentary evidence)

- PBT result 0.016% at 1:28 AM (¶18—admitted)

- Warrant executed at 2:00 AM (¶20—admitted)

- Affidavit never updated (¶23—admitted in ECF 78)

Holleman v. Zatecky, 951 F.2d 873, 876 (7th Cir. 1991): "A party cannot deny a conclusion that flows inexorably from admitted facts."

Fact to Be Deemed Admitted:

> "The warrant used to seize Plaintiff's blood was approved based on an affidavit that at the time of signing and transmission contained materially false statements that Mr. Maxwell had refused consent to a blood draw. The warrant was executed at 2:00 AM on August 11, 2022, while the troopers knew of exculpatory PBT results showing 0.016% BAC and ISP incident notes stating 'Rescind OWI,' which contradicted the initial warrant request affidavit."

Supporting Evidence:

- All facts in ¶14, ¶15, ¶18, ¶19, ¶20, ¶23 (admitted or proven)

-Holleman v. Zatecky, 951 F.2d 873, 876 (7th Cir. 1991): "A party cannot deny a conclusion that flows inexorably from admitted facts."

## V.    LEGAL CONSEQUENCES OF DEEMED ADMISSIONS

If the Court deems these facts admitted, the following legal conclusions follow under applicable law:

**A.** Franks Violation Established

Franks v. Delaware, 438 U.S. 154, 155-56 (1978): Material falsehood in warrant affidavit, made knowingly or with reckless disregard for truth, voids the warrant.

Elements Satisfied:

1. Material falsehood: "Refused consent" before consent requested

2. Knowingly made: Personal involvement and Impossibility proves knowledge

Result: Search warrant void under applicable Fourth Amendment law.

**B.** Probable Cause Dissipated

Beauchamp v. City of Noblesville, 320 F.3d 733, 743-44 (7th Cir. 2003): "Probable cause

dissipates when officers receive exculpatory evidence yet fail to act."

Elements Satisfied:

1. Initial arrest (12:19 AM)

2. Exculpatory evidence received (1:28 AM PBT showing 0.016%, 1:48 AM "Rescind

OWI")

3. Officers failed to act (executed warrant at 2:00 AM anyway)

Result: No probable cause for blood draw or continued detention after 1:48 AM under

applicable Fourth Amendment law.

**C.** Qualified Immunity Defeated

Malley v. Briggs, 475 U.S. 335, 341 (1986): No qualified immunity where officer knowingly

violates clearly established law.

Clearly Established by 2022:

- Franks (1978): Cannot lie in warrant affidavits

- Brady (1963): Must disclose exculpatory evidence

- Beauchamp (2003): Must act on exculpatory evidence

Result: Qualified immunity unavailable under applicable law.


**D.** Malice Established

Wolfe v. Little, 382 N.E.2d 1175, 1180 (Ind. Ct. App. 1978): "Malice may be inferred from advancing charges in the face of contrary facts."

Multiple Bases for Malice:

1. False affidavit: Swearing to "refusal" before consent requested

2. Ignored exculpatory PBT: 0.016% (one-fifth legal limit) yet proceeded with blood draw

3. Ignored "Rescind OWI" notation: Internal acknowledgment charges should be cancelled

4. Failed to update affidavit: Possessed exculpatory evidence but withheld from judge

5. Executed warrant despite exculpatory evidence: Proceeded at 2:00 AM after 1:28 AM PBT and 1:48 AM notation

6. Continued prosecution 16 months: Despite May 2023 negative toxicology, case not dismissed until December 2023

7. Delayed dismissal 7 months: After receiving dispositive exculpatory toxicology

Dwyer v. McClean, 133 Ind. App. 454, 465-66 (1961): "Malice may also be inferred from the facts which, if established, would constitute want of probable cause."

Result: Malice established for malicious prosecution claim under applicable law.

## VI.   DEFENDANTS' DENIALS VIOLATE RULE 11

Fed. R. Civ. P. 11(b)(4) requires that denials "have evidentiary support."

Defendants' denials lack evidentiary support where they deny:

1. Facts already admitted in prior Answer (¶23—ECF 78)

2. Facts established by objective timestamps (¶15—Ex: A, C, N)

3. Facts contradicted by their own documents (¶14, ¶22—Ex: A, C, N and timeline)

Kraemer v. Franklin & Marshall Coll., 371 F. Supp. 2d 765, 787 (E.D. Pa. 2005): "Denying facts established by documentary evidence violates Rule 11."

## VII.   CONCLUSION

The record is clear:

- 1:08 AM: Smith signs affidavit claiming refusal (Ex: A.)

- 1:13 AM: Michael emails affidavit to judge (Ex: C)

- 1:15 AM: Consent first requested (Ex: N)

- 1:28 AM: PBT shows 0.016% (¶18—admitted)

- 1:48 AM: ISP notes say "Rescind OWI" (Ex: B, ¶19 (admitted)

- 2:00 AM: Warrant executed anyway (Ex: K, ¶20—admitted)

These are facts, not opinions. They are established by Defendants' own evidence:

- Their affidavit (Exhibit A)

- Their email (Exhibit C)

- Their video (Exhibit N)

- Their incident notes (Exhibit B)

- Their warrant return (Exhibit K)

Defendants cannot deny what their own evidence proves. Their Answer violates Rules 8, 11, and 36. The facts should be deemed admitted, their contradictory affirmative defenses stricken, and summary judgment granted.

## VIII.   RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

**1.** DEEM ADMITTED the four factual statements set forth in Section IV above, pursuant to Fed. R. Civ. P. 8(b)(6) and 36(a)(3);

**2.** STRIKE Defendants' Answer (ECF 131) as to paragraphs 14, 15, and 23;

**3.** STRIKE the following affirmative defenses as inconsistent with deemed admissions or inapplicable to individual capacity defendants:

- Defense #3 (Eleventh Amendment Immunity) official capacity dismissed (ECF 127)

- Defense #4 (Qualified Immunity) defeated by knowing violation of clearly established law

- Defense #5 (Good Faith) contradicted by false statements and held exculpatory evidence

- Defense #11 (ITCA Immunity) official capacity dismissed; willful misconduct not protected;

**4.** ORDER that these deemed admissions are binding on Defendants for all purposes in this litigation, including summary judgment, trial, and any post-trial proceedings;

**5.** GRANT Plaintiff's pending Motion for Summary Judgment (ECF 83, 90) based on these deemed admissions, as no genuine dispute of material fact remains;

**6.** Grant such other and further relief as the Court deems just and proper.

---Thank you for your time

Respectfully submitted,

/s/William C. Maxwell_____          Date: 12/22/2025

William C. Maxwell
Pro Se Plaintiff
201 N. McClure Street
Wingate, IN 47994
843-868-2262
m4xwe77@protonmail.com

**CERTIFICATE OF SERVICE**

I, William C. Maxwell, hereby certify that December 22, 2025, I electronically filed the foregoing

using the CM/ECF system, which will automatically send notification to all counsel of record.

Additionally, copies will be sent December 22, 2025 via U.S. Mail to the following attorneys for

Defendants, as well as by email:

Copies were sent to:

| | |
|---|---|
| Gustavo Angel Jimenez | Alexander Robert Carlisle |
| INDIANA ATTORNEY GENERAL | OFFICE OF THE ATTORNEY GENERAL |
| Indiana Government Center South, 5th Floor | Indiana Government Center South, 5th Floor |
| 302 West Washington St. | 302 West Washington Street |
| Indianapolis, IN 46204-2770 | Indianapolis, IN 46204 |
| 317-232-6201 | (317) 234-6667 |
| Fax: 317-232-7979 | Fax: (317) 232-7979 |
| Email: gustavo.jimenez@atg.in.gov | Email: Alexander.Carlisle@atg.in.gov |

Serena E. Alway
OFFICE OF THE INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South - 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
(317) 234-3179
Email: serena.alway@atg.in.gov