UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WILLIAM C. MAXWELL,

      Plaintiff,

    v.                                                          Case no. 1:24-cv-1365-JRS-TAB

DAKOTA MICHAEL and
CHELSEY SMITH,

      Defendants.

## DEFENDANTS' MOTION FOR RULE TO SHOW CAUSE

Defendants, Troopers Dakota Michael and Chelsey Smith, by counsel, respectfully move the Court to order Plaintiff William Maxwell to show cause why he should not be sanctioned for including in his filings (1) citations to non-existent caselaw and (2) quotations that do not appear in the cases to which he attributes them. Plaintiff's citations appear to be AI hallucinations, and they suggest Plaintiff has made a habit of relying on AI to perform his legal research throughout this case.

But even if Plaintiff did not use AI to write his legal papers, his pattern of citing nonexistent cases and quotations violates Rule 11's requirement that parties make reasonable inquiry into the law before filing in court. Fed. R. Civ. Pro. 11(b). As Magistrate Judge Dinsmore recently held, "Whether or not AI was the genesis of the non-existent citations, [counsel's] failure to review them before submitting them to the court was a clear violation of Rule 11." *Virgil v. Experian Information Solutions, Inc.*, 2026 WL 401066, *4, no. 1:25-cv-1641-MPB-MJD, Dkt. 395 at 6

1

(S.D. Ind. February 12, 2026) (citing *United States v. Hayes*, 763 F. Supp. 3d 1054, 1066-67 (E.D. Cal. 2025)). Rule 11 applies to pro se parties, too.

Whether he used AI or not, Plaintiff's citations have undermined the bedrock principle that "trials are a search for the truth." *Ferris v. Amazon.com Services, LLC*, 778 F.Supp.3d 879, 881 (N.D. Miss. 2025) (citation modified). "Parties who cite false cases not only seek to secure unfair advantage, they are, in fact, avatars of a post-truth world." *Id*. The Court should take action to preserve the integrity of the litigation process. In support, Defendants show as follows:

1.      In responding to Plaintiff's recent Rule 72 objection to Magistrate Judge Baker's sanctions order, Defendants noted that the plaintiff quoted language in his objection that does not exist as quoted in the cases he cites. (ECF no. 150 at 4-6). Defendants further noted in that response that Plaintiff had previously cited two apparently non-existent cases in earlier filings in this action. (*Id*. at 6).

2.      To determine whether Plaintiff's practice of misciting caselaw occurred in more than two filings, defense counsel audited Plaintiff's filings dating back to March 17, 2025, when Defendants first raised the issue of Plaintiff citing fictitious case law in this action. (ECF no. 45 at 1-2). Counsel used Westlaw for this audit.

3.      The audit confirmed the same citation issues—on a rampant scale. The following chart catalogues the problematic citations. This chart does not include the numerous cases that Plaintiff misquoted or took out of context. It includes only citations to apparently non-existent cases and to quotations that do not appear as quoted in the cases to which they are attributed.

| Plaintiff's Fictitious Citations | | | |
|---|---|---|---|
| No. | Docket | Caselaw citation | Issue |
| 1 | ECF no. 42 at 2 | *Williams v. Brookville Police Dep't*, No. 1:22-cv-01134, 2023 WL 5984862, at 3 (S.D. Ind. Sept. 14, 2023)[1] | Cannot locate case on Westlaw[2] |
| 2 | ECF no. 42 at 3 | *Smith v. Indiana Dep't of Correction*, 2018 WL 4539245, at 2 (S.D. Ind. Sept. 21, 2018)[3] | Cannot locate case on Westlaw |
| 3 | ECF no. 52 at 2, 4 | "Filings lack authority without clear representation." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992) | Quoted text does not appear as quoted in the case |
| 4 | ECF no. 52 at 3 | "Strict compliance with party naming is required, not a mere technicality." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988) | Quoted text does not appear as quoted in the case |
| 5 | ECF no. 83 at 5, 6, 8 | *Wolfe v. Little*, 382 N.E.2d 1175, 1180 (Ind. Ct. App. 1978) | Cannot locate case on Westlaw[4] |
| 6 | ECF no. 83 at 9 | *Craig v. Witkowski*, 123 F.3d 100 (7th Cir. 1997) | Cannot locate case on Westlaw[5] |
| 7 | ECF no. 101 at 2 | Where the non-movant "offers only conclusory assertions," summary judgment must follow. *Scott v. Harris*, 550 U.S. 372, 380 (2007) | Quoted text does not appear as quoted in the case |
| 8 | ECF no. 101 at 6 | "A police officer may not close his eyes to facts that would clarify the situation…probable cause is a fluid concept that depends on the totality of the circumstances, and law enforcement is not allowed to turn a blind eye to exculpatory | Quoted text does not appear as quoted in the case |

---

[1] Plaintiff also cited this case at ECF no. 43 at 2, 5.

[2] Case no. 1:22-cv-01134-JRS-TAB on the Southern District of Indiana's CM/ECF website refers to *Mahone v. General Revenue Corporation*.

[3] Plaintiff also cited this case at ECF no. 43 at 2.

[4] The citation "382 N.E.2d 1175" directs to *State v. Brand*, 382 N.E.2d 1171 (Ohio Ct. App. 1978), on Westlaw.

[5] The citation "123 F.3d 100" directs to *U.S. v. Rosa*, 123 F.3d 94 (2d Cir. 1997), on Westlaw.

| | | | |
|---|---|---|---|
| | | information that undercuts probable cause." *Rainsberger v. Benner*, 913 F.3d 640, 648-650 (7th Cir. 2019) | |
| 9 | ECF no. 101 at 7 | "An officer who knows but recklessly or deliberately disregards certain pieces of evidence may not select only the facts helpful to establishing probable cause." *Hart v. Mannina*, 798 F.3d 578, 589 (7th Cir. 1990) | Quoted text does not appear as quoted in the case |
| 10 | ECF no. 101 at 9 | "The government cannot bootstrap its way into probable cause by using the fruits of a search incident to an arrest to justify that arrest." *US v. Green*, 111 F.3d 515, 521 (7th Cir. 1997) | Quoted text does not appear as quoted in the case |
| 11 | ECF no. 101 at 10 | *Cook v. City of Chicago*, N.D. Ill., 8/23/2021 | Cannot locate case on Westlaw |
| 12 | ECF no. 101 at 11 | "If a party fails to respond to a motion for summary judgment, the court is entitled to accept the movant's factual assertions as undisputed." *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) | Quoted text does not appear as quoted in the case |
| 13 | ECF no. 105 at 1 | *Wagler v. Air Liquide Sys. Corp.*, S.D. Ind. 2011 | Cannot locate case on Westlaw[6] |
| 14 | ECF no. 105 at 1 | *O'Leary v. Biomet, Inc.*, N.D. Ind. 2013 | Cannot locate case on Westlaw[7] |
| 15 | ECF no. 132 at 5, 7 | "A deposition may be stricken when obtained through improper means or where the circumstances surrounding its | Quoted text does not appear as quoted in the case |

---

[6] The Southern District's CM/ECF website returns the following hits for "Wagler": No. 3:83-cv-00310-GEB, *Wagler, Adrian v. Dekalb Swine Breeders, Inc.*; No. 1:84-cv-01089-JEN-JPG, *Wagler, Geneva v. No Defendants*; No. 3:22-cv-00063-RLY-MPB *Walsh v. Bledsoe et al.*; and No. 1:22-cv-00800-MG-TWP, *First Chicago Insurance Co. v. Deivy Rosas Ramos, LLC et al.* In none of these cases is there a party called "Air Liquide System Corporation."

[7] The Northern District of Indiana's CM/ECF website returns the following hits for "O'Leary" as a party (excluding "O'Leary" attorney hits): No. 2:04-cv-00078-PPS-APR, *Plumbers Welfare Fund et al v. Mitchels Plumbing and Heating Inc et al.*; No. 3:08-mc-00121-RLM, *In Re Disciplinary Action Patrick O'Leary*; and No. 3:10-cv-00269-JTM-CAN, *Anderson et al v. O'Leary Paint Company et al.* In none of these cases is "Biomet, Inc." a party.

| | | taking render it fundamentally unfair." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) | |
|---|---|---|---|
| 16 | ECF no. 133 at 5 | "Courts have an independent interest in ensuring that legal proceedings are conducted within ethical standards and appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988) | Quoted text does not appear as quoted in the case[8] |
| 17 | ECF no. 134 at 2 | "A defendant may not deny allegations that are supported by the defendant's own prior admissions or undisputed evidence." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) | Quoted text does not appear as quoted in the case |
| 18 | ECF no. 134 at 2, 5 | "A party cannot claim lack of knowledge about facts within the party's own knowledge or control." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) | Quoted text does not appear as quoted in the case |
| 19 | ECF no. 134 at 2 | "A party may not deny on information and belief matters within its personal knowledge or control." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398-99 (7th Cir. 2012) | Quoted text does not appear as quoted in the case |
| 20 | ECF no. 134 at 2 | "Judicial admissions are formal concessions in the pleadings…that are binding on the party making them." *Holleman v. Zatecky*, 951 F.2d 873, 876 (7th Cir. 1991) | Quoted text does not appear as quoted in the case[9] |
| 21 | ECF no. 134 at 2 | "Judicial admissions in pleadings are binding and may not be controverted at trial absent leave | Quoted text does not appear as |

---

[8] The purported quotation here was close to the actual language. The actual language from the opinion is: "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988).

[9] The correct case citation appears to be *Holleman v. Zatecky*, 951 F.3d 873 (7th Cir. 2020), and the quoted text is not in that case. The citation "951 F.2d 873" directs to *Grisham v. Comm. Union Ins. Co.*, 951 F.2d 872 (8th Cir. 1991), on Westlaw. The quote is not there, either.

| | | | |
|---|---|---|---|
| | | to amend." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) | quoted in the case |
| 22 | ECF no. 134 at 14, 15 | "A party cannot deny a conclusion that flows inexorably from admitted facts." *Holleman v. Zatecky*, 951 F.2d 873, 876 (7th Cir. 1991) | Quoted text does not appear as quoted in the case[10] |
| 23 | ECF no. 134 at 3 | "Where a defendant admits the underlying facts but denies the legal conclusion, the factual admissions control." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *rev'd on other grounds* | Quoted text does not appear as quoted in the case |
| 24 | ECF no. 134 at 3 | *Kraemer v. Franklin & Marshall Coll.*, 371 F.Supp.2d 765, 787 (E.D. Pa. 2005) | Cannot locate case on Westlaw[11] |
| 25 | ECF no. 134 at 3 | "Video evidence that conclusively disproves a party's account defeats that account as a matter of law." *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012) | Quoted text does not appear as quoted in the case |
| 26 | ECF no. 134 at 3 | "When documentary evidence makes clear that the allegations in the complaint could not have occurred as alleged, those allegations must be disregarded." *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994) | Quoted text does not appear as quoted in the case |
| 27 | ECF no. 134 at 17 | *Wolfe v. Little*, 382 N.E.2d 1175, 1180 (Ind. Ct. App. 1978) | Cannot locate case on Westlaw[12] |
| 28 | ECF no. 134 at 16 | "Probable cause dissipates when officers receive exculpatory evidence yet fail to act." *Beauchamp v. City of Noblesville*, | Quoted text does not appear as quoted in the case |

---

[10] *Id.*

[11] If Plaintiff meant to cite *Kraemer v. Franklin and Marshall College*, 941 F.Supp. 479 (E.D. Pa. 1996), that case does not support the proposition for which Plaintiff cites it. The actual *Kraemer* case concerns the amendment of a civil judgment against a college for age discrimination under the ADEA to include front pay. *Id.* Plaintiff's *Kraemer* citation purports to concern Rule 11. (ECF no. 134 at 3).

[12] *See supra* note 4.

6

| | | | |
|---|---|---|---|
| | | 320 F.3d 733, 743-44 (7th Cir. 2003) | |
| 29 | ECF no. 135 at 2 | "A deposition may be stricken when obtained through improper means or where the circumstances surrounding its taking render it fundamentally unfair." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) | Quoted text does not appear as quoted in the case |
| 30 | ECF no. 143 at 2 | "Rule 36 emphasizes the importance of answering requests for admissions." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) | Quoted text does not appear as quoted in the case |
| 31 | ECF no. 149 at 1 | "Before imposing sanctions under Rule 37, a district court must find that the party acted with willfulness, bad faith, or fault." *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005) | Quoted text does not appear as quoted in the case |
| 32 | ECF no. 149 at 2 | "[T]he opposite of 'good faith,' generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." *Hilgenberg v. Northup*, 134 Ind. 92, 33 N.E. 786 (Ind. 1893) | Quoted text does not appear as quoted in the case |
| 33 | ECF no. 149 at 4 | "A court must make an explicit finding of bad faith before imposing sanctions under its inherent authority." *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005) | Quoted text does not appear as quoted in the case |
| 34 | ECF no. 149 at 4 | "Negligence, misunderstanding, or inability to comply does not justify sanctions." *Williams v.* | Quoted text does not appear as quoted in the case |

7

| | | | |
|---|---|---|---|
| | | *Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) | |
| 35 | ECF no. 149 at 4 | "A party should not be sanctioned for confusion or uncertainty created by opposing counsel." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 568 (7th Cir. 2008) | Quoted text does not appear as quoted in the case |
| 36 | ECF no. 149 at 4 | "Sanctions are inappropriate where a party's conduct was based on a reasonable interpretation of an ambiguous situation." *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996) | Quoted text does not appear as quoted in the case |
| 37 | ECF no. 149 at 5 | "Sanctions must be proportionate to the circumstances and supported by a clear record of abuse." *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 795 (7th Cir. 2009) | Quoted text does not appear as quoted in the case |

4.  This long list contains the hallmarks of generative AI gone awry: "Employing the euphemism-du-jour, AI regularly 'hallucinates' entire cases and 'hallucinates' quotations from real cases." *ByoPlanet International, LLC v. Johansson*, 791 F.Supp.3d 1341, 1347 (S.D. Fla. July 17 2025) (citing Sara Merken, *AI 'hallucinations' in court papers spell trouble for lawyers*, Reuters[13]); *see also Jones v. Kankakee County Sheriff's Department*, 164 F.4th 967, 969 (7th Cir. Jan. 21, 2026) ("We close with a few words on non-existent quotations [pro se litigant] attributed to cases he relied on in his appellate brief. To our eye, the error has all the hallmarks of a so-called AI 'hallucination,' a circumstance where an AI large language model generates an output that is fictional, inaccurate, or nonsensical").

---

[13] https://www.reuters.com/technology/artificial-intelligence/ai-hallucinations-court-papers-spell-trouble-lawyers-2025-02-18/

5. Parties who rely on AI hallucinations in their legal briefing pose immense problems for opposing parties and courts:

> The opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.

*ByoPlanet International, LLC*, 791 F.Supp.3d at 1347 (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023) (Castel, J.)).

6. Even if Plaintiff did not use AI to draft his briefs, his pattern of citing fictitious caselaw and quotations remains problematic because it evinces a repeated failure to make reasonable inquiry into the law before filing legals papers. Fed. R. Civ. Pro. 11(b). "Whether or not AI was the genesis of the non-existent citations, [counsel's] failure to review them before submitting them to the court was a clear violation of Rule 11." *Virgil*, 2026 WL 401066, *4 (citing *United States v. Hayes*, 763 F. Supp. 3d 1054, 1066-67 (E.D. Cal. 2025)).

7. The citation of fake caselaw—whether or not the product of AI hallucinations—is sanctionable. Attorneys who cite such cases certainly expose themselves to sanctions. *See, e.g., Virgil*, 2026 WL 401066, *4 (recommending $10,000 sanctions for attorney's citation to non-existent caselaw); *Davis v. Marion County Superior Court Juvenile Detention Center*, 2025 WL 2502308, No. 1:24-cv-01918-JRS-MJD (S.D. Ind. Sept. 2, 2025) (recommending sanctions of $7,500 for

filing a brief that contained citations to non-existent caselaw); *Mid Central Operating Engineers Health and Welfare Fund v. Hoosiervac LLC*, 2025 WL 574234, No. 2:24-cv-00326-JPH-MJD (S.D. Ind. Feb. 21, 2025) (recommending sanctions of $15,000 against attorney for submitting briefs on three separate occasions that contained citations to non-existent cases), *R&R adopted as modified*, 2025 WL 1511211 (S.D. Ind. May 28, 2025) (imposing $6,000 sanction).

8.      Pro se parties can be sanctioned, too, although in this circuit, it is unclear what the appropriate remedy is for pro se litigants who cite fictitious caselaw. *See Jones v. Kankakee County Sheriff's Department*, 164 F.4th 967, 969 *et seq.* (7th Cir. Jan. 21, 2026). In *Jones*, the Seventh Circuit declined to impose sanctions against a pro se litigant who apparently used generative AI to write legal filings because, after the pro se litigant denied using AI, the court found no evidence that "his misstatements of law were knowing or intentional." *Id.* at 970.

9.      Nonetheless, the Seventh Circuit emphasized that Federal Rule of Civil Procedure 11 requires "all litigants—represented and unrepresented—[to] read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Id.* The court left for another day the questions of whether and under what circumstances a pro se party who cites fake caselaw in his legal briefing should be sanctioned. But it issued fair warning to pro se parties: "For today, then, suffice it to say nothing about the many efficiencies and promises offered by AI eliminates the peril that may well accompany a serious abdication of the care the law demands of even unrepresented parties." *Id.* at 971.

10.     Other courts have not been so lenient. *See, e.g.*, *Kruse v. Karlen*, 692 S.W.3d 43, 52, 54 (Mo. Ct. App. 2024) (monetary sanctions of $10,000 against pro se party and dismissal of appeal for citing more than twenty fake cases in a brief); *Scott v. Federal Nat. Mortg. Ass'n*, 2023 WL 6935586, at *4 (Me. Super. June 14, 2023) (ordering pro se party to pay defense counsel's fees for citing fictitious caselaw); *Thomas v. Pangburn*, 2023 WL 9425765 (S.D. Ga. 2023) (recommending dismissal of pro se plaintiff's amended complaint as a sanction for citing fake caselaw), *R. & R. adopted*, 2024 WL 329947 (S.D. Ga. 2024), *appeal dismissed*, 2024 WL 5389428 (11th Cir. 2024).

11.     Plaintiff's conduct in this action has been egregious. Not only has the magistrate judge recommended sanctions for his deposition abuse, but also in objecting to that report and recommendation under Rule 72, Plaintiff cited fictitious caselaw. As the audit showed, Plaintiff has made it a pattern and practice of citing fictitious caselaw throughout this litigation. And he did so even after defense counsel put him on notice of this problem as early as March 2025. (ECF no. 45 at 1-2). Plaintiff's pattern of misconduct suggests bad faith or willfulness.

12.     Given (a) Plaintiff's pattern of citing non-existent cases and quotations throughout this action even after defense counsel flagged this issue in March 2025; (b) the significant attorney resources required to uncover Plaintiff's deception; (c) the significant drain on Court resources Plaintiff's conduct likely will cause; and (d) the fact that the Magistrate Judge has already recommended Plaintiff be sanctioned for his discovery conduct in this action, (ECF no. 147),

Defendants believe sanctions are warranted against Plaintiff for his failure to ensure his case citations were accurate before filing his papers, whether or not they were generated by AI.

WHEREFORE, Defendants move the Court to order Plaintiff William Maxwell to show cause why he should not be sanctioned for including in his filings (1) citations to non-existent caselaw and (2) quotations that do not appear in the cases to which he attributes them, and for all other just and proper relief.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General
Attorney No. 18857-49

Date: February 20, 2026                    By:    Alexander R. Carlisle
                                                  Attorney No. 34533-49

OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-6667
Fax: (317) 232-7979
E-mail: Alexander.Carlisle@atg.in.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that on February 20, 2026, I mailed, by United States Postal Service, to the following non-CM/ECF participants:

**WILLIAM C. MAXWELL**
201 N. McClure Street
Wingate, IN 47994

/s/ *Alexander R. Carlisle*
Alexander R. Carlisle
Deputy Attorney General
