UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM C. MAXWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01365-JRS-TAB |
| | ) | |
| DAKOTA MICHAEL Officer, | ) | |
| CHELSEY SMITH Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON
PLAINTIFF'S REVISED MOTION FOR LEAVE TO AMEND COMPLAINT**

**I.    Introduction.**

Plaintiff has filed a revised motion for leave to file a third amended complaint [Filing No. 168], which Defendants oppose.  The parties put forth a variety of arguments in support of their respective positions regarding whether the Court should permit Plaintiff's proposed amendments.  In the Court's view, however, the answer is clear: Plaintiff's proposed amendments are untimely, not well taken, and will not be allowed.

**II.    Discussion.**

Plaintiff filed his revised motion for leave to amend on April 15, 2026.  Plaintiff contends Defendants did not respond to this motion, so it should be granted as unopposed.  [Filing No. 179, at ECF p. 1.]  This argument, like some others Plaintiff asserts, is misplaced.  A careful review of the docket is illustrative.

Plaintiff filed his original motion for leave to amend on April 3, 2026.  [Filing No. 164.] On April 15, while that motion was pending, Plaintiff filed a revised motion for leave to amend. [Filing No. 168.]  On April 16, Defendants filed a response in opposition to Plaintiff's motion for

leave to amend.  [Filing No. 171.]  The next day, on April 17, Plaintiff filed a motion to withdraw his original motion for leave to amend.  [Filing No. 172.]  The Court granted Plaintiff's motion to withdraw on April 21.  [Filing No. 175.]  Then on April 24, Plaintiff filed a reply brief arguing Defendants did not respond to his motion for leave to amend.  [Filing No. 179, at ECF p. 1.]  Defendants did not file a response brief directed at Plaintiff's revised motion for leave to amend until April 28, four days after Plaintiff filed his reply brief.  However, Plaintiff's contention that Defendants did not file a response brief fails at two levels,

First, as the docket reflects, the response brief Defendants filed on April 16 [Filing No. 171] was docketed as a response to both Plaintiff's original motion for leave to amend [Filing No. 164] and the revised motion to amend.  [Filing No. 168.]  Second, the Court granted Plaintiff's motion to withdraw on April 21 [Filing No. 175], making Plaintiff's revised motion for leave to amend the operative motion.  Defendants filed a response targeted specifically to that motion on April 28—one week after the Court granted Plaintiff's motion to withdraw and 13 days after Plaintiff filed his revised motion for leave to amend.  S.D. Ind. L.R. 7-1(c)(3) provides response briefs such as these are due 14 days after service of the motion.  So Defendants' response brief [Filing No. 185] is timely by any measure.  Plaintiff simply filed his reply brief too soon.  As the foregoing reveals, Plaintiff's contention that Defendants failed to respond to his motion for leave to amend has no merit.

This is not the only problem Plaintiff faces.  The deadline for seeking leave to amend was December 10, 2025.  [Filing No. 85, at ECF p. 3.]  As a result, Plaintiff's motion for leave to amend is untimely, and Plaintiff must demonstrate excusable neglect for his amendment to be allowed.  *Murphy v. Eddie Murphy Productions, Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (citing Fed. R. Civ. Pro. 6(b)(1)(A)-(B)).  Plaintiff cannot meet this burden.

Plaintiff's untimely motion seeks to add claims that Defendants used excessive force in violation of the Fourth Amendment, retaliated against him in violation of the First Amendment, violated his Fourteenth Amendment due process rights, and fabricated evidence against him in violation of the Fourth and Fourteenth Amendments.  Plaintiff's delay in seeking to bring these claims is inexcusable.  The claims in this case stem from an August 11, 2022, traffic stop and a probable cause affidavit filed six days later.  Plaintiff filed this action on August 9, 2024, and waited more than a year and a half thereafter to seek leave to amend.  Plaintiff should have known about these claims since August 2022, when he was arrested and charged.

Plaintiff attempts to explain his delay by stating that these claims arise from body camera footage produced in discovery.  [Filing No. 168, at ECF p. 2.]  However, Plaintiff's new proposed claims do not arise from newly discovered evidence.  As Plaintiff conceded in his original motion for leave to file a third amended complaint, "The evidence supporting these claims has been in the record since Plaintiff's Rule 26(a)(1) Initial Disclosures," which were filed on September 26, 2025.  [Filing No, 164, at ECF p. 2, citing Filing No. 95.]

The prejudice that would result to Defendants in allowing Plaintiff's proposed amendments is apparent.  Written discovery is complete, and Plaintiff's deposition would have been completed by now as well but for Plaintiff's serious deposition misconduct.  Indeed, the Court has specifically found that in refusing to be deposed Plaintiff "willfully abused the judicial process."  [Filing No. 162, at ECF p. 12.]  The discovery deadline is May 11.  [Filing No. 162, at ECF p. 15.]  Adding additional claims now would likely further extend the discovery deadline and additionally delay resolving this case.

Defendants are understandably frustrated by what they term Plaintiff's "many attempts to obstruct and delay discovery in these proceedings."  [Filing No. 185, at ECF p. 3.]  As

Defendants see it, Plaintiff's motion for leave to amend is simply more bad faith, obstruction, and delay on Plaintiff's part. [*Id*.] The Court finds it hard to disagree with this candid assessment.

Defendants make additional arguments demonstrating the futility of Plaintiff's proposed amendments. [Filing No. 185.] The Court agrees with these arguments but need not detail them here. For these reasons and those already set forth above, Plaintiff's revised motion for leave to amend [Filing No. 168] is denied.

## III.    Conclusion.

Plaintiff's proposed amendments are untimely, not well taken, and will not be allowed. Plaintiff's revised motion for leave to file a third amended complaint [Filing No. 168] is denied.

Date: 4/30/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

WILLIAM C. MAXWELL
201 N. McClure St.
Wingate, IN 47994

Serena Elisa Alway
Office of Indiana Attorney General
serena.alway@atg.in.gov

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov