UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM C. MAXWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01365-JRS-TAB |
| | ) | |
| DAKOTA MICHAEL Officer, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S SHOW CAUSE RESPONSE
AND SANCTIONS**

On March 26, 2026, the district judge adopted the undersigned's report and

recommendation concluding Plaintiff William C. Maxwell should pay deposition costs as an

appropriate sanction for his refusal to answer questions at his first deposition and granted

Defendants' motion to show cause. [Filing No. 162.][1]  The Court ordered Defendants to file

evidence showing the cost of the deposition transcript and video recording, as well as the fees of

the court reporter and videographer. [Filing No. 163.]  The Court further directed Plaintiff to file

a statement showing why he should not be subject to Federal Rule of Civil Procedure 11(c)

sanctions for citing and quoting non-existent cases.

Plaintiff responded to the Court's order on April 9, 2026. [Filing No. 165.]  Plaintiff does

not dispute that certain citations were incorrect, but claims his errors were not intentionally

fabricated or designed to mislead the Court.  Plaintiff argues his errors fell into two categories:

(1) citations he could not locate and failed to correct, and (2) quotations that paraphrased, rather

than cited, authority. [Filing No. 165, at ECF p. 2.]  He argues that no additional sanctions are

---

[1] Plaintiff filed two motions for reconsideration of the Court's order adopting the report and recommendation.  Those motions remain pending with the district judge. [Filing Nos. 173; 176.]

warranted, or alternatively, that any sanction imposed be proportionate to the conduct and limited to a formal verified citation requirement going forward.

In contrast, Defendants argue significant sanctions are warranted because Plaintiff acted in either bad faith or in reckless reliance on artificial intelligence by citing fake cases or quotations on at least 37 instances throughout this litigation.  [Filing No. 180, at ECF p. 1-2.] As noted by Defendants, Plaintiff's show cause response does not confirm whether he used generative AI to present fictious legal authority.  The Court agrees with Defendants that his fabricated authority contains the hallmarks of generative AI hallucinations.  *See, e.g., Jones v. Kankakee County Sheriff's Dep't,* 164 F.4th 967, 969–70 (7th Cir. 2026) (summarizing potential problems with use of generative AI in briefing).

The Seventh Circuit advised in *Jones*:

> As *pro se* litigants employ AI to assist with court filings, a basic reminder seems wise.  Accuracy and honesty matter.  Indeed, the submission of a legal filing constitutes a representation to a court and, as the Federal Rules of Civil Procedure put the point, both attorneys and unrepresented parties are certifying "that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances," the "factual contentions have evidentiary support" and the "legal contentions are warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2), (3); see also Fed. R. App. P. 38.  Right to it, all litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal.
>
> No doubt the inquiry is different for *pro se* and represented parties.  Indeed, our reaction to what we saw in Jones's brief may have been quite different if the non-existent quotations came in a brief submitted by a lawyer—an officer of the court with professional responsibilities and the training necessary to avoid such a misrepresentation.  But *pro se* litigants shoulder responsibility too and, while our understanding of honest mistakes and common presentational foot faults will remain, in no way will we allow a court filing to include misrepresentations on legal or factual points that an unrepresented party reasonably knows or should know exist.  For today, then, suffice it to say nothing about the many efficiencies and promises offered by AI eliminates the peril that may well accompany a serious abdication of the care the law demands of even unrepresented parties.

*Id.* at 970–71.

Whether or not Plaintiff used AI, his conduct remains sanctionable, as it represents a deliberate intent to fabricate citations and quotations.  Plaintiff alleges that in instances where he could not find an actual case with his desired holding, he inserted case citation "placeholders" that he "intended to find support for" and correct before filing.  [Filing No. 165, at ECF p. 2.] This does not make the conduct less sanctionable.  Plaintiff could have simply inserted a generic placeholder, such as "FIND CASE" or "CITE."  He did not do that.  Instead, he claims he created fake citations, fabricating the name, case number, citation, pin cite, court, and other identifying information—actions he took at least 37 times.  The fact that he then formatted those citations to look like legitimate citations shows an intent to deceive the Court, not simply a reckless failure to verify.  In addition, Plaintiff's show cause response makes no attempt to explain *why* he presented so many "paraphrases" as direct quotations.

Even *pro se* parties, such as Plaintiff, are subject to Rule 11 sanctions.  *See Jones, id.*; Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading, written motion or other paper— whether by signing, filing, submitting, or later advocating it—an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… the claims, defenses, and other legal contentions are warranted by existing law[.]") (emphasis added).  "Filing a document that contains citations to nonexistent cases, quotes language that comes from no real case, or that contains arguments wholly unsupported by the record violates Rule 11.  [Plaintiff] did just that." *Allen v. Casper*, No. 25 C 10438, 2026 WL 674309, at *10 (N.D. Ill. Mar. 10, 2026)

Defendants ask the Court to fine Plaintiff $250 per instance of fake citation or quotation, for a total fine of $9,250. However, Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(3). The purpose is deterrence, not compensation. The Court is also mindful of the indigent status of this Plaintiff. While the Court agrees that Plaintiff's use of fictitious citations and cases warrants sanctions, a reduced sanction of $1,000 "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). This is comparable or less than sanctions orders recently issued to self-represented litigants in this Circuit for similar Rule 11 violations. *See, e.g., Allen*, 2026 WL 674309, at *10 (N.D. Ill. Mar. 10, 2026) (imposing $1,500 sanction on *pro se* plaintiff for violating Rule 11 with two nonexistent cases and repeatedly inaccurate and false statements); *Obi v. Cook Cnty, Illinois*, No. 25 C 3096, 2026 WL 1001481, at *2 (N.D. Ill. Apr. 9, 2026) (imposing $5,000 sanction on *pro se* plaintiff for filing briefs containing 13 false cases, quotes, and statements of law and fact). **Accordingly, the Court sanctions Plaintiff in the amount of $1,000 for his actions.** Plaintiff shall make this payment to the Clerk of Court by June 25, 2026.

In addition, Defendants also filed a notice of deposition costs totaling $886.80. [Filing No. 181.] The Court finds this request reasonable for reimbursement of the costs Defendants incurred in relation to Plaintiff's first deposition. **Therefore, Plaintiff shall reimburse Defendants for the cost of the deposition transcript and video recording in the total of $886.80.** Plaintiff shall provide this additional payment directly to Defendants by June 25, 2026.

Date: 5/26/2026

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

WILLIAM C. MAXWELL
201 N. McClure St.
Wingate, IN 47994